# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 25-60134-CR-BECERRA

UNITED STATES OF AMERICA,

v.

WILFREDO RIVERO,

     Defendant.

_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

This matter was before the Court following on Order of Reference to conduct a proceeding for acceptance of a guilty plea by the Defendant in the above referenced case. The Court having conducted a change of plea hearing on this date, it is recommended that the Defendant's change of plea be accepted for the following reasons:

    1.    The Court convened a hearing to permit the Defendant to enter a change of plea in the case. At the outset of the hearing, the Court advised the Defendant of his right to have these proceedings conducted by the District Judge assigned to the case. Further, this Court advised the Defendant that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. This Court further advised the Defendant that the

District Judge assigned to this case would be the sentencing judge and would make all findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2. The Defendant was advised that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3. The Court conducted a plea colloquy pursuant to the requirements of Fed. R. Crim. P. 11.

4. There is no written plea agreement entered into by the parties. The Defendant pled guilty to the Counts 1 and 2 of the Indictment, charging him with theft of U.S. mail, in violation of Title 18, United States Code, 1708.

5. The Defendant assented in open court to the factual basis for the entry of the plea as to the Indictment, which included all the essential elements of the offense to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable. Specifically, the Court reviewed with Defendant the government's factual proffer, filed as Exhibit A to the hearing, to assure that a factual basis existed for the entry of the plea. The Defendant also acknowledged that he understood the maximum penalties for the offense, specifically including a possible maximum term of five years imprisonment as to each Count.

6.      Based upon the foregoing and the plea colloquy conducted by this Court, it is recommended that the Defendant be found to have freely and voluntarily entered his guilty plea to the Indictment as more particularly described herein and that the Defendant be adjudicated guilty of such offenses.

7.      A pre-sentence investigation is being prepared. Sentencing will be set by separate Order.

ACCORDINGLY, this Court recommends that the Defendant's plea of guilty be accepted, the Defendant be adjudicated guilty of the offenses to which he has entered his plea of guilty, and that a probation report be Ordered. The parties shall have three (3) business days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jacqueline Becerra, United States District Judge. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**DONE AND SUBMITTED** this 16th day of September, 2025, at Miami, Florida.

                                                       /s/ *Edwin G. Torres*
                                                      EDWIN G. TORRES
                                                      United States Magistrate Judge